UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRENELL PERRYMAN,<br><br>   Plaintiff,<br><br>  v.<br><br>CITY OF PITTSBURG, et al.,<br><br>   Defendants. | Case No. 20-cv-03408-SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 28 |

On February 5, 2021, the Court held a hearing on defendant's motion to dismiss portions of plaintiff's First Amended Complaint ("FAC"). Dkt. No. 36. Having considered the arguments made and the papers submitted, the Court hereby GRANTS in part and DENIES in part defendant's motion to dismiss.

## BACKGROUND

### I. Factual Background

Plaintiff Trenell Perryman alleges that, on April 26, 2019, plaintiff was driving his twelve-year-old son to school in Pittsburg, CA when plaintiff's vehicle ran out of gas. First Amended Compl. ("FAC"), Dkt. No. 24, ¶ 21. Plaintiff walked to the gas station to buy gasoline while his son remained in the vehicle. *Id*. ¶ 22. As plaintiff walked back to his vehicle, holding a can of gas, plaintiff saw defendants Sharon Kumar ("Kumar") and Officer Lee Borman ("Borman") near plaintiff's vehicle. *Id*. ¶ 23.

Plaintiff claims that defendant Borman approached plaintiff and wrongfully accused him of driving a stolen vehicle. *Id*. ¶ 27. Defendant Borman then conducted "multiple, increasingly aggressive and invasive" pat downs on plaintiff. *Id*. ¶ 28. Although defendant Borman did not find

any contraband on plaintiff during the pat downs, defendant Borman attempted to place plaintiff in handcuffs. *Id*. ¶¶ 28-29. After plaintiff "attempted to terminate [the] unwarranted intrusion," defendant Borman pursued and tackled plaintiff, causing plaintiff to tear his right shoulder rotator cuff. *Id*. ¶¶ 30-31. Plaintiff's vehicle was searched and seized. *Id*. ¶ 32.

## II.   Procedural Background

On May 19, 2020, plaintiff filed a complaint alleging civil rights violations against defendants Lee Borman, Sharon Kumar, Erica Lefterov, Kalin Seaborn, Sankara Dumpa, the City of Pittsburg, and DOES 1-50. Dkt. No. 1. The parties stipulated to plaintiff filing an amended complaint no later than November 18, 2020. Dkt. No. 22.

On November 17, 2020, plaintiff filed a FAC alleging six causes of action: (1) 42 U.S.C. § 1983 against defendants Borman and DOES 1-30;[1] (2) 42 U.S.C. § 1983 (*Monell* liability) against defendants City of Pittsburg and DOES 31-50; (3) California Civil Code § 52.1 against defendants Borman and DOES 1-30; (4) CAL. CONST. ART. I, § 13 against defendants Borman and DOES 1-30; (5) assault and battery against defendants Borman and DOES 1-30; and (6) negligence against defendants Borman and DOES 1-30. Dkt. No. 24. By the present motion, defendant City of Pittsburg filed a motion to dismiss plaintiff's second cause of action for failure to state a claim under Federal Rule of Procedure 12(b)(6). Dkt. No. 28.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility"

---

[1] Plaintiff's FAC names DOES 1-50 as defendants. In the FAC, plaintiff stated that the "true names or capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES 1 -50 are unknown to Plaintiff." Dkt. No. 24 ¶ 9. Plaintiff believes that DOES 1-50 are "in some manner responsible for the acts, omissions, and injuries alleged". *Id*. Plaintiff will amend the complaint to name specific defendants when plaintiff obtains the names and capacities of DOES 1-50. *Id*.

2

standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether a plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). The court, for example, need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Generally, the court may not consider materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). However, pursuant to Federal Rule of Evidence 201, the court may take judicial notice of "matters of public record," such as prior court proceedings. *Id.* at 688-89. The court may also consider "documents attached to the complaint [and] documents incorporated by reference in the complaint ...without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Under *Monell*, a plaintiff may establish municipal liability by demonstrating (1) the constitutional violation was the result of a governmental policy or a longstanding practice or custom;

(2) the individual who committed the constitutional violation was an official with final policy-making authority; or (3) an official with final policy-making authority ratified the unconstitutional act. *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir.1992). The FAC presents two theories of municipal liability resulting in an alleged violation of plaintiff's fourth amendment rights: (1) governmental policy or a longstanding practice or custom and (2) ratification of unconstitutional act by policy-making authority. *See* Dkt. No. 24 at 10-14. Defendant City of Pittsburg (hereafter "defendant") moves to dismiss plaintiff's second cause of action relating to *Monell* liability under both theories of municipal liability. Dkt. No. 28 at 6-12.

## I.  Policy or Custom Theory of Municipal Liability

A municipality may be held liable as a "person" under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the deprivation of a plaintiff's federally protected rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). However, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). To establish an official policy that would give rise to Monell liability, a plaintiff must allege facts to support one of the following: (1) an unconstitutional custom or policy behind the violation of rights; (2) a deliberately indifferent omission, such as a failure to train or failure to have a needed policy; or (3) a final policy-maker's involvement in, or ratification of, the conduct underlying the violation of rights. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010) (synthesizing authorities), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

Defendant argues that plaintiff has not sufficiently pled facts supporting (A) that defendant had a policy, custom, or practice and (B) that the alleged policy, custom, or practice amounted to deliberate indifference to the plaintiff's constitutional rights.

4

### A. Custom or Practice

Defendant argues that plaintiff's FAC failed to include "*factually similar* situations of sufficient duration, frequency and consistency that put the [defendant] on notice regarding the unconstitutional custom." Dkt. No. 28 at 9 (emphasis added).

The Ninth Circuit has applied the following two-part rule for determining whether factual allegations are properly pled for a *Monell* claim:

> "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."

*AE*, 666 F.3d at 637 (quoting *Starr v. Baca*, 652 F.3d 1203, 1216 (9th Cir. 2011)).

Applying the first part of Ninth Circuit's rule, the Court finds that the FAC contains sufficient allegations of underlying facts to provide defendant fair notice. The FAC states the specific customs or policies that allegedly caused plaintiff's constitutional violation. FAC ¶ 45. The alleged customs or policies include "hurt a person – charge a person" where "if an officer wrongly hurts, detains, searches, or arrests a person, the officer will falsely arrest the person and/or seek to secure the filing and prosecution of a criminal charge against the person" and a custom of covering up violations of constitutional rights by "failing to properly investigate and/or evaluate complaints . . . . encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or 'coach' witnesses to give false information". *Id*.

In addition to specifying the customs and policies of the police department, the FAC also includes ten lawsuits that involve incidents where individuals were injured after encounters with defendant's police officers.[2] *Id*. ¶ 47. The FAC included parenthetical information for each case

---

[2] The lawsuits include:
"*Andrews v. City of Pittsburg*, et al., USDC (N.D. Cal.) Case No.: 3:17-cv-00228-JCS (officer stops plaintiff walking in Pittsburg neighborhood who, after presenting false

5

detailing conduct similar to that complained of by the plaintiff, such as being "violently knocked to the ground," "violently pushed," "sweeping side arm blow," "slamming citizen onto parked van," "face smashed into the ground," "deliberate tripping" followed by being "repeatedly struck" by officers, improper punches, and "manhandling . . . wrenching" of arm. FAC ¶ 47. Similar to the present case where plaintiff was "violently tackled" by Officer Borman, *Id.* ¶ 31, the incidents in the listed cases in the FAC involve allegations of excessive force amounting to physical altercations between citizens and police officers. *See Starr*, 652 F.3d at 1216 (finding plaintiff's allegations of specific and numerous other incidents involving conduct similar to that complained of by the plaintiff and notice of all incidents as sufficient for *Monell* pleading).

The Court also finds that the FAC contains sufficient allegations of underlying facts to give fair notice and enables defendant to defend itself. The FAC states that defendant was given notice of the prior incidents through its own "internal affairs investigations or other internal reviews of the incidents." FAC ¶ 47. Moreover, all of the cases listed in the FAC are accompanied by a case number and the cases name defendant City of Pittsburg as a defendant in the case. As a named

---

identification, turns to run away while apparently unarmed, is shot in buttocks); *Bengard, et al. v. City of Pittsburg*, et al., USDC (N.D. Cal.) Case No.: 4:17-cv-02730-KAW (15 year old repeatedly tasered while allegedly posing no threat; pregnant woman "violently knocked to the ground"; female victim/911 caller re: domestic violence "violently pushed" to the ground; taser deployed on another citizen under "unconscionable and unjustifiable" circumstances); *Boone v. City of Pittsburgh* [sic], et al., USDC (N.D. Cal.) Case No.: 3:15-cv-01231-EDL (police vehicle deliberately used to strike and pin citizen, unnecessarily prolonging the period of time the citizen's leg was "crushed" underneath its tire); *Crosley, et al. v. City of Pittsburg, et al.*, USDC (N.D. Cal.) Case No.: 3:05- cv-04051-JSW (sweeping side arm blow knocking female citizen to concrete sidewalk and "trampling" on her, causing severe leg injuries); *Jackson, et al. v. City of Pittsburg, et al.*, USDC (N.D. Cal.) Case No.: 3:09-cv-01016-WHA (excessive force alleged as to four plaintiffs – two of whom were minors*); Jiles v. City of Pittsburg, et al.*, USDC (N.D. Cal.) Case No.: 3:12-cv03795-MEJ (excessive force consisting of slamming citizen onto parked van, hair grabbing, knee strikes to head and chest, and release of police dog after citizen was face down on pavement after surrender with multiple officers' weight upon him); *Jones v. City of Pittsburg, et al.*, USDC (N.D. Cal.) Case No.: 3:11-cv-00294-THE (face smashed into the ground, "beating" of citizen, and officer's foot applied to hold citizen's face and head to the ground); *Martinez v. City of Pittsburg, et al.*, USDC (N.D. Cal.) Case No.: 4:11-cv-01017-DMR (deliberate tripping to the ground of handcuffed citizen following which officers repeatedly struck him); *Martinez v. City of Pittsburg, et al.*, USDC (N.D. Cal.) Case No.: 3:17-cv-04246-RS (improper carotid hold, gun pointing, taser deployments, punches, elbow strikes and knee strikes resulting in death of the citizen); *Harvey v. City of Antioch, et al.*, USDC (N.D. Cal.) Case No.: 3:11-cv-04986-LB (taser deployment "manhandling" and "wrenching" of female's arm, choking, slamming of female to ground, gun pointing)." Dkt. No. 24 at 11-12.

1    defendant in all ten cases, the Court can reasonably infer that defendant was served with actual
2    notice of these prior proceedings. *See Mateos–Sandoval v. Cty. of Sonoma*, 942 F.Supp.2d 890, 899
3    (N.D. Cal. 2013) (concluding allegations that "specify the content of the policies . . . are sufficient
4    to 'give fair notice and to enable the opposing party to defend itself effectively,' particularly since
5    information relating to the policies, customs, and practices of County Defendants . . . [are] likely to
6    be easily available to them").

7    Regarding the second part of the Ninth Circuit's rule, taking plaintiff's factual allegations as
8    true, the Court finds that there is no "obvious alternative explanation" for why defendant did not
9    take steps to prevent future constitutional violations despite being on notice of the prior lawsuits
10   against the defendant.  In *Twombly*, the Supreme Court stated that there is no "probability
11   requirement at the pleading stage . . . [pleading] simply calls for enough fact to raise a reasonable
12   expectation that discovery will reveal evidence" to support the allegations." *Twombly*, 550 U.S. at
13   556. In *Starr*, the Ninth Circuit explained that the standard at the motion to dismiss stage of litigation
14   "is not that plaintiff's explanation must be true or even probable. The factual allegations of the
15   complaint need only 'plausibly suggest an entitlement to relief.'" *Starr*, 652 F.3d at 1216-17.
16   Defendant has not presented an alternative explanation for the city's failure to act considering the
17   lawsuits filed against defendant. *See id.* at 16 ("Plaintiff's complaint may be dismissed only when
18   defendant's plausible alternative explanation is so convincing that plaintiff's explanation is
19   implausible.")  Therefore, the Court finds that the factual allegations in the FAC plausibly suggest
20   that plaintiff is entitled to relief.

### B. Deliberate Indifference

Defendant argues that plaintiff must plead "*factually similar* situations of sufficient duration, frequency and consistency that put the [defendant] on notice" to show deliberate indifference. Dkt. No. 28 at 9 (emphasis added).

The Supreme Court has held that deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of County Comr's of Bryan County, Okl. V. Brown*, 520 U.S. 397, 410 (1997).  Deliberate

7

indifference exists when the need "for more or different" action "is so obvious, and the inadequacy [of existing practice] so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). In *Hyun Ju Park*, the Ninth Circuit explained that a plaintiff can demonstrate deliberate indifference in two ways:

> In some circumstances, the policy may be so facially deficient that any reasonable policymaker would recognize the need to take action . . . When that is the case, a plaintiff need point only to the policy itself to establish that the municipality's policymakers were on notice that the plaintiff's federally protected rights would likely be violated if they failed to act . . . Alternatively, if the policy is not obviously, facially deficient, a plaintiff must ordinarily point to a *pattern of prior, similar violations of federally protected rights*, of which the relevant policymakers had actual or constructive notice.

*Hyun Ju Park v. City and County of Honolulu*, 952 F.3d 1136, 1141-42 (9th Cir. 2020) (internal citations omitted) (emphasis added).

Regardless of whether defendant's policies were facially deficient, the Court finds that the FAC provides sufficient facts to plead defendant's alleged policy, custom, or practice amounted to deliberate indifference to the plaintiff's constitutional rights. Assuming the policies were facially deficient, the FAC satisfies the pleading standard by specifically listing the various policies in the FAC. *See supra*, Section I(A). Assuming the policies were not obviously deficient, the FAC meets the pleading standard by showing a pattern of prior violations of federally protected rights, of which the city's policymakers had actual or constructive notice. As discussed previously, the defendant was listed as a defendant in each of the similar cases listed in the FAC. *See supra*, Section I(A). Therefore, the FAC sufficiently pleads facts showing deliberate indifference.

Accordingly, the Court **DENIES** defendant's motion dismiss plaintiff's *Monell* liability claim based to the extent that it is based on custom and policy theory.

## II. Ratification Theory of Municipal Liability

Defendant argues that plaintiff's *Monell* claim based on a ratification theory is insufficient

because plaintiff "failed to provide any facts demonstrating [defendant] or any policymaker had knowledge of the alleged unconstitutional actions by [police] officers" or any evidence that defendant made a conscious or affirmative choice to ratify defendant Borman's alleged unconstitutional conduct. Dkt. No. 28 at 12.

In *Lytle*, the Ninth Circuit stated that a ratification theory of *Monell* liability requires "a plaintiff to show that the 'authorized policymakers' approve a subordinate's decision and the basis for it. . . The policymaker must have knowledge of the constitutional violation and actually approve of it." *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004).

Plaintiff argues that paragraphs 48-49 of the FAC sufficiently plead *Monell* liability based on ratification. Dkt. No. 29 at 19. The FAC states:

> that such policymakers [within the City of Pittsburg] have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policymakers. . . have approved of the conduct of Defendants BORMAN . . .and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions. By so doing, the authorized policy makers within the CITY and the PPD have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers."

Dkt. No. 24 at 13.

The Court finds that the FAC does not have sufficient facts to support a claim for municipal liability based upon ratification. Even though the FAC includes sufficient facts to plead that defendant was aware of prior instances of alleged police misconduct, plaintiff has failed to plead facts as to *how* policymakers ratified police conduct. The FAC states that defendant's "authorized policymakers … approved . . . prior conduct" and thus "made a deliberate choice to endorse defendant [officers'] decisions and the basis for those decisions." These allegations are conclusory and lacking factual support of ratification. The FAC does not state what action by the defendant constituted approval. *Cf. Lytle*, 382 F.3d at 987 ("A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim").

Therefore, the Court **GRANTS** defendant's motion to dismiss plaintiff's *Monell* liability

9

claim to the extent that it is based on ratification theory, with leave to amend the complaint to demonstrate how policymakers ratified alleged prior misconduct. *See Ariz. Students' Assn. v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016) ("Dismissal of a complaint without leave to amend is only proper when, upon *de novo* review, it is clear that the complaint could not be saved by any amendment.") The Court takes no position on whether plaintiff will or should amend at this point. If he chooses to do so, he must file his amended complaint **no later than February 26, 2021.**

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby **GRANTS** defendant's motion to dismiss plaintiff's *Monell* claim to the extent that the claim is based on a ratification theory and **DENIES** defendant's motion to dismiss to the extent that the claim is based on a custom and policy theory of *Monell* liability. The Court **GRANTS** plaintiff leave to amend its First Amended Complaint to conform with the requirements of this order.

**IT IS SO ORDERED**.

Dated: February 10, 2021

SUSAN ILLSTON
United States District Judge